UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS C. MARTH,

          Petitioner,

v.

WILLIAM POLLARD,

          Respondent.

Case No. 15-CV-934-JPS

ORDER

      Dennis Marth filed a petition for a writ of habeas corpus on August 4, 2015. (Docket #1). Earlier, on May 16, 2012, after a trial in Waukesha County Circuit Court ("the Circuit Court"), a jury had convicted him of three counts of child enticement, in violation of Wis. Stat. § 948.07(1). (*See, e.g.*, Docket #8 ¶ 1). The Circuit Court sentenced Mr. Marth to 15 years of initial confinement and 10 years of extended supervision as to each count, all to run consecutively. (*Id.*; Docket #8, Ex. 1).

      One of the main issues at trial was whether the Circuit Court should admit evidence of several prior incidents in which Mr. Marth had inappropriate contact with male children in public places. (*See, e.g.*, Docket #9, Ex. 8; Docket #8, Ex. 5). The Circuit Court found that evidence regarding three of those incidents[1] was admissible as other-acts evidence, pursuant to Wis. Stat. § 904.04(2), *State v. Sullivan*, 216 Wis. 2d 768, 772–73, 576 N.W.2d 30 (1998), and the "greater latitude" rule applied to other-acts evidence in sexual crime cases involving children, *State v. Hammer*, 2000 WI 92, ¶ 23, 236 Wis. 2d 686, 613 N.W.2d 629. (*See, e.g.*, Docket #9, Ex. 8 at 31–54; Docket #9, Ex. 9 at 5–7, 18; Docket #9, Ex. 10 at 4–12; Docket #8, Ex. 5 ¶¶ 6, 8). The

---

[1] The Circuit Court denied three of the State's requests and the State withdrew two others. (Docket #8, Ex. 5 ¶ 3 n.2).

Circuit Court also issued a limiting/cautionary instruction to the jury regarding this evidence. (*See* Docket #9, Ex. 15 at 145; Docket #8, Ex. 5 ¶ 8 n.4).

After being convicted and sentenced, Mr. Marth appealed to the Wisconsin Court of Appeals ("the Court of Appeals"), primarily arguing that the Circuit Court erred in admitting the other-acts evidence. (*See, e.g.*, Docket #8, Ex. 5). The Court of Appeals found that the Circuit Court correctly applied Wis. Stat. § 904.04(2) by "conduct[ing] a thorough analysis under *Sullivan,*" and explained why that was the case. (Docket #8, Ex. 5 ¶¶ 8–9). The Court of Appeals closed by rejecting Mr. Marth's request for a new trial "in the interest of justice," holding that the admission of the other-acts evidence did not justify a new trial. (*Id.* ¶¶ 10–11).

Mr. Marth then petitioned the Wisconsin Supreme Court ("the Supreme Court") for review. (*See, e.g.*, Docket #8, Exs. 6–9). Mr. Marth's appointed counsel filed a no-merit report with the Supreme Court. (Docket #8, Ex. 6). Mr. Marth separately filed a supplemental petition, raising various claims related to the admission of the other-acts evidence, some of which he had not raised in the Court of Appeals. (Docket #8, Ex. 7). Ultimately, the Supreme Court declined to review Mr. Marth's case. (Docket #8, Ex. 9).

Finally, Mr. Marth filed the federal habeas petition that is now before the Court. (Docket #1). In it, he asserts that the admission of other-acts evidence against him violates his federal right to due process and the double jeopardy clause. (*See* Docket #1). The matter is fully briefed (Docket #10, #11, #12), and the Court will now decide it.

The State primarily argues that Mr. Marth procedurally defaulted the claims he asserts in his federal petition by failing to raise them before the Wisconsin state courts in his direct appeal. (*See, e.g.*, Docket #8 ¶ 3; Docket

Page 2 of 9

Case 2:15-cv-00934-JPS   Filed 03/31/16   Page 2 of 9   Document 13

#11 at 6–8). Secondarily, it argues that, even if the Court were to consider the claims on their merits, Mr. Marth is not entitled to relief on those claims. (Docket #11 at 8–12).

The State is correct in both regards.

First, Mr. Marth has procedurally defaulted the constitutional claims that he has raised in the federal habeas petition that is before the Court. Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot consider a constitutional claim that has not "been fairly presented to the state courts through one complete round of review, either on direct appeal or through post-conviction proceedings." *Long v. Butler*, 809 F.3d 299, 307 (7th Cir. 2015) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)). This requires that a petitioner have previously submitted the "operative facts and the controlling legal principles" to each level of state courts. *Malone*, 538 F.3d at 753 (citation omitted). It certainly requires that the petitioner actually have presented his constitutional claims to the Wisconsin Supreme Court.[2] *See, e.g.*, *O'Sullivan*, 526 U.S. at 845; *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted."); *Bintz v. Bertrand*, 403 F.3d 859, 864 (7th Cir. 2005).

That is precisely the circumstance in this case: Mr. Marth did not ever present a constitutional due process or double jeopardy challenge to *either*

---

[2]In this way, the concept of procedural default differs slightly from exhaustion. For instance, Mr. Marth has exhausted his state court remedies, here, by directly appealing all the way to the Wisconsin Supreme Court; however, as the Court will discuss, because he did not actually assert his constitutional claims in his appeal, he has defaulted those claims. *See, e.g.*, *Crockett v. Hulick*, 542 F.3d 1183, 1192 (7th Cir. 2008) (citing *Malone*, 538 F.3d at 753).

the Court of Appeals or Supreme Court. (*See, e.g.*, Docket #8, Exs. 2, 4, 6, 7). Rather, in the Court of Appeals, he raised challenges based wholly in state law regarding the admissibility of the other-acts evidence under Wis. Stat. § 404.04(2) and *Sullivan*. (*See, e.g.*, Docket #8, Exs. 2, 4). Meanwhile, in his supplemental petition to the Supreme Court, Mr. Marth obliquely referenced the United States Constitution, but never actually raised any constitutional claim. (*See* Docket #8, Ex. 7 (after arguing that the state's use of other-acts evidence was inconsistent with the jury instruction regarding intent for Wis. Stat. § 948.07 crimes, "You cannot look into a person's mind to find intent," Mr. Marth stated "I've brought to light unconstitutional actions," but failed to specify what the unconstitutional actions were; and, while Mr. Marth stated that the Court of Appeals' decision is in conflict with a decision of the United States Supreme Court, he identified two Wisconsin Supreme Court cases)). Instead, the gist of Mr. Marth's supplemental petition seemed to be concern with the Circuit Court's and Court of Appeals' evidentiary rulings—not due process or double jeopardy.[3] (*See* Docket #8, Ex. 7). Accordingly, he procedurally defaulted his two federal claims.

And, because of that procedural default, this Court cannot review those claims absent a showing of "cause for and prejudice from the default, or a miscarriage of justice due to actual innocence." *Long*, 809 F.3d at 307 (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). Cause is "ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state

---

[3]And, even if the Court were to determine that his references to the United States Constitution in his supplemental petition were enough to have presented the claims to the Wisconsin Supreme Court, his underlying failure to raise those claims in the Circuit Court would still result in procedural default.

courts." *Long*, 809 F.3d at 307 (citing *Lewis*, 390 F.3d at 1026). "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial advantage, infecting his entire trial with error of constitutional dimensions." *Long*, 809 F.3d at 307 (citing *Lewis*, 390 F.3d at 1026). Actual innocence, meanwhile, generally requires that a petitioner "present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error," *Schlup v. Delo*, 513 U.S. 298, 316 (1995); this is a very narrow exception to procedural default, *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015); *McQuiggin v. Perkins*, 569 U.S. ----, 133 S.Ct. 1924, 1935 (2013).

None of those exceptions to procedural default apply in this case. Beginning with what is perhaps the most stringent standard—actual innocence—the Court has not found any evidence (indeed, Mr. Marth has not presented any) that would be so strong as to undermine the Court's confidence in the outcome of Mr. Marth's state trial. That trial focused heavily on Mr. Marth's intent in asking several young boys to show him railroad tracks near a public park, and the Court believes that the jury had sufficient evidence to reach its verdict. Next, as to cause and prejudice, the Court cannot find any cause (and again Mr. Marth has not argued that any cause exists) for his procedural default. Mr. Marth evidenced his ability to present claims to the Supreme Court by filing his supplemental petition (Docket #8, Ex. 7); he could have included his due process and double jeopardy claims in that petition if he wanted, but did not do so. In any event, prejudice did not result from the alleged violation of his rights: as the Court will next discuss, even if it reviewed Mr. Marth's claims on their merits, they do not state a violation of his federal rights.

Setting aside Mr. Marth's procedural default, neither his due process nor double jeopardy claims would justify habeas relief. As to Mr. Marth's due process claim, it appears that he is arguing that the Circuit Court's admission of the other-acts evidence was unduly prejudicial and/or resulted in an unfair trial. In a similar (albeit unpublished) case, the Seventh Circuit considered and rejected a very similar argument (through the lens of a challenge to the effectiveness of the petitioner's counsel):

> we review the state court's admissibility ruling, keeping in mind that we are hesitant to second-guess state courts when they are interpreting state law. *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004). Here, the trial court was careful to exclude reference to a prior conviction, limiting the state to mentioning only Leiser's presence on the registry. Although Leiser is correct that a juror is likely to infer that he had been convicted of a sex crime, no Wisconsin or federal constitutional rule completely bars evidence of a prior sex crime in a sex-crime prosecution. *See United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005); *State v. Hunt*, 263 Wis. 2d 1, 666 N.W.2d 771, 793-94 (2003). Wisconsin courts even give greater latitude to the prosecution when seeking to admit evidence of a prior sex crime in child sex abuse cases. *State v. Hammer*, 236 Wis. 2d 686, 613 N.W.2d 629, 636-37 (2000); *State v. Davidson*, 236 Wis. 2d 537, 613 N.W.2d 606, 615-19 (2000). We find that the appellate court thoroughly analyzed the controlling test for admissibility of other-acts evidence, *see State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30, 32-33 (1998), and came to a reasonable conclusion.

*Leiser v. Thurmer*, 367 F. App'x 691, 696 (7th Cir. 2010). Both the Circuit Court and the Court of Appeals acted entirely consistently with those strictures. And, because the evidence admitted, here, was probative and correctly admitted in light of governing Wisconsin law, the Court cannot find that its admission was unconstitutional; it did not deny Mr. Marth a fundamentally fair trial. *See, e.g.*, *Hammer*, 342 F.3d at 811 n.3; *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994). The Seventh Circuit has recently noted that, where, as

Page 6 of 9

Case 2:15-cv-00934-JPS   Filed 03/31/16   Page 6 of 9   Document 13

here, a petition fails to identify Supreme Court precedent showing that the State of Wisconsin has improperly used other-acts evidence, a habeas court cannot grant relief. *Peterson v. Douma*, 751 F.3d 524, 532 (7th Cir. 2014) *cert. denied*, 135 S. Ct. 992 (2015) (quoting *Hammer v. Karlen*, 342 F.3d 807, 811 (7th Cir. 2003)). Finally, the Court cannot find any case that casts constitutional doubt—either on the basis of due process or the double jeopardy clause—on the use of other-acts evidence in circumstances like Mr. Marth's. For these reasons, Mr. Marth's claims would fail on their merits, and for that reason also cannot establish prejudice.

Mr. Marth's claims are, accordingly, procedurally defaulted (and also substantively without merit). For these reasons, the Court is obliged to deny his petition for a writ of habeas corpus.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Marth must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. Reasonable jurists would not debate whether the petition should have been resolved in a different manner. It is very clear, procedurally, that Mr. Marth procedurally defaulted his claims; and, even if the Court were somehow to look past that procedural default, no reasonable

Page 7 of 9

Case 2:15-cv-00934-JPS   Filed 03/31/16   Page 7 of 9   Document 13

jurist would find it debatable that Mr. Marth's claims fail to make any showing—let alone a substantial showing—of a violation of a constitutional right. As a consequence, the Court must deny a certificate of appealability as to Mr. Marth's petition.

Finally, the Court closes with some information about the actions that Mr. Marth may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). It should also be noted that because this court denied a certification of appealability, Mr. Marth must seek one from the Seventh Circuit. Fed. R. App. P. 22(b). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

IT IS ORDERED that Mr. Marth's petition for a writ of habeas corpus (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge